IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD DeBLOIS,    * | |
| Petitioner | |
| * | |
| v. | CIVIL ACTION NO. CCB-07-2574 |
| * | |
| JAMES P. O'NEILL, et al., | |
| Respondents    * | |

*******

## **MEMORANDUM**

Petitioner Richard DeBlois, a pretrial detainee confined at the Baltimore County Detention Center in Towson, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief dated September 10, 2007. He complains about delay in being tried on charges pending against him in the Circuit Court for Baltimore County, Maryland. Paper No. 1.

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

It is clear petitioner has not yet exhausted all of his available state court remedies[1] and n fact has not even been tried on the pending charges. Paper No. 1.

Since petitioner has not been convicted of the charges pending, his conviction has not become final, and his claims have not yet been exhausted in the state courts. His petition for habeas corpus relief shall be dismissed without prejudice to allow petitioner to continue to pursue his state

---

[1] A review of the Maryland Judiciary website reveals that on September 26, 2007, the Circuit Court for Baltimore County entered an order for a competency evaluation of petitioner. *See State v. Deblois*, Case Number 03K07002875, Circuit Court for Baltimore County, Maryland. The court docket indicates that petitioner's trial date of September 26, 2007 was postponed until December 4, 2007. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03K07002875&loc=55&detailLoc=K .

court remedies. Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

      For the foregoing reasons, the instant application shall be dismissed for the failure to exhaust state court remedies. A separate order shall be entered reflecting the rulings set forth herein.


October 22, 2007                                          /s/
  Date                                                    Catherine C. Blake
                                                         United States District Judge